# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | |
|---|---|
| IN RE: | Case No.23-19725-PDR |
| VICTOR HUGO PADILLA AKA VICTOR H PADILLA AKA VICTOR RIVAS AKA VICTOR HUGO PADILLA RIVAS, | Chapter 11 |
| Debtor. _____/ | |

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR6 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6'S <u>MOTION FOR RELIEF FROM AUTOMATIC STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE</u> (Re: 14101 Luray Rd, Southwest Ranches, FL 33330-3634)**

The Bank Of New York Mellon F/K/A The Bank Of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR6 Mortgage Pass-Through Certificates Series 2006-AR6 ("Movant"), by and through undersigned counsel, files this Motion for Relief from the Automatic Stay to Enforce Final Judgment of Foreclosure, and in support states as follows:

## I.  JURISDICTION

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. Further, review is appropriate under 11 U.S.C. §§ 105(a), 362 and other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

## II.  STATEMENT OF FACTS

**A.  LOAN HISTORY**

1. Debtor owns certain real property located at 14101 Luray Rd, Southwest Ranches, FL 33330-3634 (the "Property") in Broward County, Florida, legally described as:

> **TRACT 26, LESS THE NORTH 660 FEET THEREOF, SUBJECT TO A PERPETUAL EASEMENT FOR INGRESS**

**AND EGRESS AND UTILITIES OVER THE EAST 25 FEET OF TRACT 26, LESS THE NORTH 660 FEET THEREOF, SECTION 3, TOWNSHIP 51 SOUTH, RANGE 40 EAST, THE EVERGLADES SUGAR & LAND CO. SUBDIVISION OF EAST 1/2 TOWNSHIP 51 RANGE 40 EAST, AS RECORDED IN PLAT BOOK 2, AT PAGE 39, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

2. Debtor defaulted under the terms of the Note and Mortgage by failing to make the monthly payments due there under. As a result of these defaults, Movant commenced a foreclosure action in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, which ultimately resulted in the entry of a *Consent Final Judgment of Mortgage Foreclosure* on May 31, 2023, in the amount of $3,069,663.59 with regards to the Property. A true and correct copy of the Consent Final Judgment of Mortgage Foreclosure is attached as **Exhibit A**.

3. Upon information and belief, the property has been claimed exempt by Debtor.

**B.    PROCEDURAL HISTORY**

4. On November 27, 2023, Debtor commenced the instant case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor listed the Property as the principal residence on the Bankruptcy Petition (See Dkt No. 1).

5. To date, Debtor has yet to file and/or confirm a Chapter 11 Plan.

**C.    LOAN STATUS**

6. Debtor is indebted to Movant in the Judgment amount of $3,069,663.59, plus other fees and costs advanced by the mortgagee pursuant to the loan documents.

7. Movant's security interest in the subject property is being significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such security interest.

**III.    ARGUMENT**

**1.    Relief from the Automatic Stay is Warranted Pursuant to 11 U.S.C. §362(d)(1).**

8. Relief from the automatic stay is warranted under §362(d)(1) due to the lack of adequate protection. 11 U.S.C. §362(d)(1). Whether cause exists to grant the requested relief is determined by the court "on a case-by-case basis" and further "may be reversed only upon a showing of abuse of discretion." *See In re Bryan Road, LLC*, 382 B.R. 844 (Bankr. S.D. Fla. 2008) (citing, *In re Dixie Broad., Inc.* 871 F.2d 1023, 1026 (11th Cir. 1989); *See also,*

*e.g., In re Jefferson County, Alabama*, 484 B.R. 427 (Bankr. N.D. Ala. 2012). A debtor's failure to make contractual payments constitutes cause for relief under §362(d)(1). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *In re Harlan*, 783 F.2d 839 (9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985).

9. Here, Movant is not adequately protected as Debtor failed to make payments owed on the Note. Due to the default a Judgment in the amount of $3,069,663.59 was obtained, which continues to increase. As a result, Debtor has not been diligent in carrying out his or her duties in the bankruptcy case and has not made required payments. *In re Harlan*, 783 F.2d 839 (9th Cir. 1986). Further, by failing to pay the Note and/or taxes and insurance, Debtor is allowing the estate's interest in the Property to decline as Movant's Claim increases. The Bankruptcy Code was intended to afford financially troubled debtors a breathing spell from their creditors, but it was not Congress' intent to allow debtors to maintain their property while failing to pay their mortgages for extended periods of time; such an abuse of the protections afforded constitutes cause pursuant to § 362(d)(1). *In re Three Tuns, Inc.*, 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983). As a result, relief from the automatic stay is warranted under 362(d)(1).

## IV.    CONCLUSION

1. Movant further requests that the Court Order entered pursuant to the instant Motion provide that all communications sent by Movant in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, be sent directly to Debtor.

2. Pursuant to 11 U.S.C. §362(e), Movant hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

3. Movant hereby seeks attorneys' fees in the amount of $1,050.00 and costs in the amount of $199.00 incurred in filing this Motion for Relief from the Automatic Stay.

4. Movant respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure,

so that Movant can pursue its in rem remedies without further delay.

**WHEREFORE**, Movant respectfully requests that the automatic stay be lifted so that Movant may be permitted to protect its security interest in Debtor's property outside of the bankruptcy forum or, in the alternative, that Debtor be directed to make regular cash payments that would adequately protect Movant's interest, that in the event that a hearing is necessary on this Motion that it be held within thirty (30) days, that Debtor be required to pay Movant's attorneys' fees and costs incurred in filing this Motion, that the Court waive the fourteen (14) day stay, that Debtor be required to segregate and account for Movant's cash collateral, that Movant be permitted to communicate with Debtor for the purposes stated above, and for such further relief as the Court may deem just and proper.

Respectfully Submitted:

Jennifer Laufgas
Bar No.: 56181
Attorney for Movant
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Motion for Relief from the Automatic Stay or for Adequate Protection to be served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR ATTORNEY**
**(via electronic notice)**

Rachamin Cohen
Rocky@lawcls.com

**DEBTOR**

Victor Hugo Padilla
14101 Luray Rd
Southwest Ranches, FL 33330

**UNITED STATES TRUSTEE**
**(via electronic notice)**

Department of Justice
USTPRegion21.MM.ECF@usdoj.gov

**UNSECURED CREDITORS LIST:**

Caine & Weiner
Attn: Bankruptcy
5805 Sepulveda Blvd 4th Floor
Sherman Oaks, CA 91411

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Chase Auto Finance
Attn: Bankruptcy
Po Box 901076
Fort Worth, TX 76101

Equity Bank
Brad S. Elliott, CEO
325 N Andover Road
Andover, KS 67002

National Credit Adjusters, LLC
327 West 4th Avenue
Po Box 3023
Hutchinson, KS 67504

Netcredit/rb
Attn: Bankruptcy Dept
175 W Jackson Blvd, Ste 1000
Chicago, IL 60604

NMAC
Attn: Bankruptcy
Po Box 660366
Dallas, TX 75266

and the Local Rule 1007(d) Parties in Interest List.

Dated: December 26, 2023

/s/ *Jennifer Laufgas*
Jennifer Laufgas
Bar No.: 56181
Attorney for Movant
Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E., Suite 700
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385

Filing # 174338711 E-Filed 05/31/2023 07:12:36 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE21018574**   DIVISION: **11**   JUDGE: **Garcia-Wood, Marina (11)**

**Bank Of New York Mellon**

Plaintiff(s) / Petitioner(s)

v.

**Victor Hugo Padilla Rivas, et al**

Defendant(s) / Respondent(s)

_____/

## CONSENT FINAL JUDGMENT OF MORTGAGE FORECLOSURE

**THIS ACTION** was heard before the Court upon Plaintiff's Motion for Summary Judgment held on May 31, 2023. The Court, having reviewed the Motion and opposition thereto, the supporting affidavits and affidavits in opposition, the record at the time of the hearing, and being advised by counsel present of the agreement of the parties, on the evidence presented, **IT IS ADJUDGED** that:

a.  This is due and owing to Plaintiff from Defendant(s) obligated under the Note:

| | |
|---|---|
| Principal | $2,291,668.20 |
| Interest on the note and mortgage from 06/01/2019 to 2/1/2023 | $501,302.50 |
| Interest from 2/1/2023 to 5/31/2023<br>120 days at $26.05 *per diem* | $3,126.00 |
| Escrow Advances<br>Taxes $171,268.13<br>Hazard Insurance $76,801.60<br>Flood Insurance $6,462.26 | $254,531.99 |
| Property Inspection | $340.00 |
| Forbearance Credit | ($70.00) |
| | |
| Court costs<br>Complaint filing $1,973.50<br>Skip trace $35.00<br>Service of process $1,353.90<br>Publication notice of action $245.00<br>Publication notice of sale $245.00 | $3,852.40 |
| | |
| Attorney's Fees | $14,912.50 |

**EXHIBIT A**

Case Number: CACE21018574

| | |
|---|---|
| Foreclosure flat fees $4,605.00<br>Hourly attorney's fees $10,307.50<br>    Finding as to reasonable number of hours 34.40<br>    Finding as to reasonable hourly rate $300.00 | |
| **TOTAL SUM** | **$3,069,663.59** |

The total sum will bear interest at the prevailing statutory interest rate per year from this date through December 31 of this current year. Thereafter, on January 1 of each succeeding year until the judgment is paid, the interest rate will adjust annually in accordance with section 55.03(3), Florida Statutes.

Plaintiff may also recover such further costs as may be incurred by the Plaintiff in this action, including, but not limited to, the sale fee and publication of the Notice of Sale, and any advances made by the Plaintiff subsequent to the date of the Affidavit of Indebtedness which cost or advances are proper under the terms of the note and mortgage foreclosed herein.

b.      Plaintiff holds a lien for the total sum superior to any claim or estate of all the Defendants herein on the following property in Broward County, Florida:

      Tract 26, LESS the North 660 feet thereof, subject to a perpetual easement for ingress, egress and utilities over the East 25 feet of Tract 26, less the North 660 feet thereof, Section 3, Township 51 South, Range 40 East, "THE EVERGLADES SUGAR & LAND CO. SUBDIVISION", of East 1/2 Township 51 South, Range 40 East, according to the Plat thereof, recorded in Plat Book 2, at Page 39, of the Public Records of Miami-Dade County, Florida. Said lands situate in Broward County, Florida.

Parcel Number: 514003010190

      Property Address: 14101 LURAY RD, SOUTHWEST RANCHES, FL 33330

c.      ***BY AGREEMENT OF THE PARTIES, THE FORECLOSURE SALE SHALL TAKE PLACE NO SOONER THAN 180 DAYS FROM THE ENTRY OF THIS CONSENT FINAL JUDGMENT OF FORECLOSURE.*** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___28th___ day of ___November___, _2023_, to the highest bidder for cash, except as prescribed in Paragraph 5, in accordance with section 45.031, Florida Statutes, at:

www.broward.realforeclose.com, the Clerk's website for on-line auctions at 10:00 a.m.

d.      IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A


**EXHIBIT A**

Case Number: CACE21018574

TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, HOWARD C. FORMAN (954) 831-5745 WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT:

LEGAL AID SERVICE OF BROWARD COUNTY, INC. 491 N. STATE ROAD 7 PLANTATION, FLORIDA 33317 PHONE: (954) 765-8950

TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

e.   If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum plus interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full. If prior to the sale, Plaintiff shall be required to advance any monies pursuant to the provisions hereof, then Plaintiff or its attorneys shall so certify to the Clerk of this Court, and the amount due to Plaintiff as set forth in paragraph 1 hereof shall be increased by the amount of such advances without further order of the Court. If prior to sale, Defendant tenders payments pursuant to bankruptcy plan or forbearance agreement, then Plaintiff or its Attorneys, shall so certify to the Clerk of this Court that the amount due to Plaintiff as set forth in paragraph 1 hereof shall be credited by amount of such tendered payments without further order of this Court. If Plaintiff is successful bidder at the sale, Plaintiff's right as such may be assigned to a third party and, in that event, the Clerk of this Court is hereby ordered and directed to issue the Certificate of Title to Plaintiff's assignee upon application of Plaintiff and without further Order of this Court.

f.   On filing the Certificate of Title the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's cost; second, documentary stamps affixed to the certificate unless Plaintiff is not successful bidder in which event the successful bidder shall pay the cost of said documentary stamps in addition to the amount bid; third, Plaintiff's attorney's fees; forth, the total sum due to Plaintiff less the items paid plus interest at the rate set forth from this date to the date of the sale, said sum to be paid to the attorney of record for the Plaintiff; and by retaining any amount remaining pending the further order of this Court.

**EXHIBIT A**

Case Number: CACE21018574

g.      On filing of the certificate of sale, defendant(s) and all persons claiming under of against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or 720, Florida Statutes, if any.  Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.

h.      If Plaintiff is the purchaser at the sale, Plaintiff, their heirs, representatives, successors or assigns, shall be placed in immediate possession of the afore described premises. In the event the Defendants fail to vacate said premises within 10 days of the date of the foreclosure sales as provided above, a Writ of Possession for subject premises shall issue upon further court order, subject to the provision of the Protecting Tenant Act Foreclosure Act of 2009.

I.      The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, the 34.4 hours were reasonably expended by plaintiff's counsel and that an hourly rate of $300.00 is appropriate. Plaintiff's counsel represents that the attorneys' fees awarded does not exceed its contract fee with the Plaintiff. The Court finds that there are no reasons for either reduction or enhancement pursuant to <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145 (Fla. 1985).

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter.  Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

k.      Jurisdiction of this action is retained to enter further orders as are proper including without limitation, deficiency judgments, except where a discharge is applicable or where service of process was not personally obtained.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>31st day of May, 2023</u>.

CACE21018574 05-31-2023 2:19 PM
Christopher William Pole
**SENIOR JUDGE**
Electronically Signed by Christopher William Pole

**Copies Furnished To:**
Andrew Arias , E-mail : servicefl@mlg-defaultlaw.com
Andrew Arias , E-mail : courtxpress6@a360inc.com
Curtis Wilson , E-mail : MRService@mccalla.com
Danielle M Spradley , E-mail : dspradley@KelleyKronenberg.com
Richard J. Dewitt III , E-mail : rdewitt@govlawgroup.com
Richard J. Dewitt III , E-mail : lmyers@govlawgroup.com


**EXHIBIT A**

Case Number: CACE21018574

Robert Flavell , E-mail : rflavellesquire@gmail.com
Robert Flavell , E-mail : rflavell@rfpa.net
Robert Flavell , E-mail : eservice@rfpa.net
Robinson Keith Ustler , E-mail : keith.ustler@mccalla.com
Robinson Keith Ustler , E-mail : Rebecca.Jimenez@mccalla.com

**EXHIBIT A**