UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN THE MATTER OF:
Victor Hugo Padilla                             CASE NO.: 23-19725-PDR
                                                Chapter 11
_____Debtor/

**DEBTOR'S RESPONSE IN OPPOSITION TO BANK OF NEW YORK MELLON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**COMES NOW**, the Debtor, Victor Hugo Padilla ("Debtor"), by and through undersigned counsel, and files this Response in Opposition to Bank of New York Mellon's ("BNY" or "Creditor") *Motion for Relief from the Automatic Stay* [ECF No. 23], and in support thereof, states:

**I.    BACKGROUND**

On November 27, 2023, the Debtor filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the instant bankruptcy case (the "Petition Date"). [ECF No. 1].

The Debtor filed the instant bankruptcy to stay a foreclosure and reorganize his finances by selling his primary home, which has equity and would allow him to pay his secured creditors in full and simultaneously address his unsecured creditors.

   **a.  Debtor has Equity in his homestead property**

The Bankruptcy Code provides that a creditor may seek stay relief for *cause* - which includes; "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization". 11 U.S.C. 362(d)(2). The Creditor erroneously states that the property lacks equity or that it is not adequately protected and is therefore entitled to stay relief. The Debtor disputes the creditor's valuation of its property and

submits to the Court that the true market value of the property is in the range of $4,100,000 to $4,500,000, whereby the Creditor's interest in the property is adequately protected.

The Debtor further estimates that there is $3,500,000[1] in secured liens on the property resulting in an estimated range of $500,000 and $1,000,000 in equity in the home.

The property is currently being marketed and is listed on the Multiple Listing Services for $4,500,000. The Debtor is confident that the property will sell at a price that would allow him to file a chapter 11 plan which would pay his secured creditors in full, address his unsecured creditors and allow him to recoup the equity in his home. Essentially, denying the Motion for Stay Relief would ensure that the creditors including BNY are fully compensated.

**WHEREFORE,** Debtor, Victor Hugo Padilla, respectfully prays this Court enters an Order denying the Creditor's *Motion for Relief from the Automatic stay* and for any additional relief the Court deems just and necessary.

Submitted by:

/s/ Rachamin Cohen
Rachamin "Rocky" Cohen, Esq.
Attorney for Debtor
Florida Bar No. 96305
1801 NE 123rd Street, Suite 314
North Miami, FL 33181
Telephone: 305-570-2326
Email: rocky@lawcls.com

---

[1] BNY has a judgment in the amount of $3,069,663.59, Bank of America HELOC in the amount of $323,000.00 and the Town of Southwest Ranches may have a $100,000.00 lien on the property.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court of the Southern District of Florida, that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A), that the above information is true and correct under penalty of perjury, and that a true and correct copy of the foregoing was served the 22nd day of January 2024, upon those listed on the attached service list.

| | |
|---|---|
| Robin Weiner Trustee | ecf@ch13weiner.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Wanda Murray | ecfflsb@aldridgepite.com |
| J. Steven Wilkes | steven.wilkes@usdoj.gov |

Submitted by:

/s/ Rachamin Cohen
Rachamin "Rocky" Cohen, Esq.
Attorney for Debtor
Florida Bar No. 96305
1801 NE 123rd Street, Suite 314
North Miami, FL 33181
Telephone: 305-570-2326
Email: rocky@lawcls.com